UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH MANAGEMENT, LLC
JOSEPH DEDVUKAJ, AND THE
JOSEPH DEDVUKAJ FIRM, P.C.,
D/B/A 1-866-HIRE JOE,

        Plaintiffs,                      Civil Case No. 16-13488
                                              Honorable Linda V. Parker

v.

CHARTER TOWNSHIP OF CLINTON, a
Municipal Corporation, BARRY MILLER,
in his individual and official capacity as
Superintendent in the Building Department
for Charter Township of Clinton, and DAVID
POPOVICH, in his individual and official capacity
as ordinance officer for Charter Township of
Clinton, jointly or severally,

        Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFFS' MOTION TO AMEND COMPLAINT [ECF NO. 17]**

On September 27, 2016, Plaintiffs Joseph Management, LLC, Joseph Dedvukaj, and The Joseph Dedvukaj Firm, P.C., d/b/a 1-866-HIRE-JOE (collectively "Plaintiffs") filed suit alleging that Defendants Charter Township of Clinton, Charter Township of Clinton Building Department, and Barry Miller in his individual and official capacity as Superintendent in the Building Department

1

(collectively "Defendants")[1] violated their rights under both the United States Constitution and Michigan Constitution. (ECF No. 1.) On October 17, 2016, Plaintiffs filed a motion for preliminary injunction. (ECF No. 8.) Defendants filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6) on October 19, 2016. (ECF No. 11.) Plaintiffs have filed two supplemental briefs in response to Defendants' motion to dismiss. (ECF Nos. 16, 18.)

Presently before the Court is Plaintiffs' motion to amend their complaint, filed pursuant to Federal Rule of Civil Procedure 15 on November 30, 2016. (ECF No. 17.) For the reasons that follow, the Court is denying Plaintiffs' motion to amend the complaint.

## Applicable Law

Federal Rule of Civil Procedure 15(a) instructs the courts to "freely grant[]" leave to amend "where justice so requires." This is because, as the Supreme Court has advised, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, a motion to amend a complaint should be denied if the amendment is brought in bad faith or for dilatory purposes, results in undue delay or prejudice to the opposing

---

[1] Plaintiffs make reference to "Defendant Popovich" in the complaint, including in the case caption, but do not list Defendant Popovich as a party. The Court will recognize only the Defendants listed in the complaint. (ECF No. 1.)

party, or would be futile. *Id.* An amendment is futile when the proposed amendment fails to state a claim upon which relief can be granted and thus is subject to dismissal pursuant to Rule 12(b)(6). *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

Eastern District of Michigan Local Rule 15.1 provides further requirements for a party seeking leave to amend their complaint:

> A party who moves to amend a pleading shall attach the proposed amended pleading to the motion. Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must, except by leave of court, reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference. Failure to comply with this Rule is not grounds for denial of the motion.

E.D. Mich. L.R. 15.

## Analysis

Plaintiffs did not adhere to Local Rule 15.1 in their motion to amend the complaint by failing to provide the Court with the proposed amended pleading. Plaintiffs' motion fails to even identify what amendment(s) it wishes to make in an amended complaint. Rather, Plaintiffs' motion to amend merely restates the arguments made in the prior briefs submitted to this Court. For these reasons, the Court is denying Plaintiffs' motion.

Accordingly,

**IT IS ORDERED** that Plaintiffs' motion to amend the complaint pursuant

to Federal Rule of Civil Procedure 15 is **DENIED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: February 3, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, February 3, 2017, by electronic and/or U.S. First Class mail.

s/ Richard Loury
Case Manager
